■    In the Matter of 52ND STREET DESIGNEE CORPORATION, Appellant, v BRADFORD COLTON et al., Respondents.—Judgment, Supreme Court, New York County, entered June 8, 1978, dismissing a petition pursuant to section 1921 of the Real Property Actions and Proceedings Law (RPAPL) seeking cancellation of a third mortgage, modified, on the law, without costs, to strike the award of counsel fees to respondents, and otherwise affirmed. This was a petition pursuant to section 1921 of the RPAPL seeking an order canceling and discharging a third mortgage following the payment and discharge of a first mortgage and the tender of payment to respondents of principal and interest on a second mortgage and interest on the third mortgage. The dispositive issue involves the interpretation of the following language in a certain third mortgage executed on April 1, 1970: "The obligee agrees to reduce the bond of the obligor in the event that and by the amount that the obligor either satisfies or reduces any first mortgage and second mortgage prior thereto, and further agrees to reduce the said personal liability of the obligor by the annual amount that the total interest paid by the obligor on this mortgage and on all prior mortgages exceeds the present net rental as at the time of the closing." Almost identical language appeared in an accompanying bond executed on the same day. Petitioner contends that this language means that the indebtedness represented by the third bond and mortgage would be reduced dollar for dollar as the principal on the first and second mortgages was repaid. Respondents argue to the contrary that the term "bond" as used means personal liability and that the reduction of the personal liability of the obligor would in no way affect the continuing viability of the third mortgage. We agree with the trial court that the third bond and mortgage provided for the reduction of personal liability on the bond upon payment of the prior mortgages, and not for reduction of the debt evidenced by the third mortgage. (See 38 NY Jur, Mortgages and Deeds of Trust, §§ 51-53.) Any possible doubt as to the meaning of the word "bond" as used in the quoted paragraph seems to us eliminated by the specific reference in that passage to "said personal liability of the obligor" in a context that indisputably relates back to the word "bond." On the other hand, we see no justification for the trial court's award of counsel fees to respondents and modify the judgment below accordingly to vacate that award. Section 1921 of the RPAPL does not authorize such an award, and we are aware of no applicable principle that supports the award under the circumstances described. We see no justification in the record for any inference of bad faith on the part of the petitioner. Concur—Kupferman, J. P., Fein, Sandler, Markewich and Silverman, JJ.